FORM NLRB-31

## SUBPOENA DUCES TECUM

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To   Custodian of Records, Universal Truckload, Inc., 15033 Slover Ave., Fontana, CA 92337

Custodian of the Records, Universal Truckload, Inc. (HQ), 12755 E. Nine Mile Road, Warren, Michigan 48089

As requested by   Phuong Do and Molly Kagel, Counsel for the Acting General Counsel

whose address is   US Court House, Spring Street, 312 N Spring Street, 10th Floor, Los Angeles, CA 90012

(Street)          (City)          (State)     (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE   an Administrative Law Judge

of the National Labor Relations Board

via   Videoconferencing - Zoom or other method as directed by the ALJ

in the City of

on   Monday, June 14, 2021          at   4:00 PM, PDT   or any adjourned

or rescheduled date to testify in   Mason-Dixon Intermodal d/b/a Universal Intermodal Services; Mason-Dixon Intermodal d/b/a Universal Intermodal Services and Southern Counties Express, Inc.; Roadrunner Intermodal Services, LLC; Universal Truckload, Inc.

(Case Name and Number)

21-CA-252500; 21-CA-252574; 21-CA-253662; 21-CA-254813; 21-CA-255151; 21-CA-259130; 21-CA-264164

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

SEE ATTACHMENT

If you do not intend to comply with the subpoena, within 5 days (excluding intermediate Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. Unless filed through the Board's E-Filing system, the petition to revoke must be received on or before the official closing time of the receiving office on the last day for filing. If filed through the Board's E-Filing system, it may be filed up to 11:59 pm in the local time zone of the receiving office on the last day for filing. Prior to a hearing, the petition to revoke should be filed with the Regional Director; during a hearing, it should be filed with the Hearing Officer or Administrative Law Judge conducting the hearing. See Board's Rules and Regulations, 29 C.F.R Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings) and 29 C.F.R Section 102.111(a)(1) and 102.111(b)(3) (time computation). Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

**B-1-1CM5LWN**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   Los Angeles, CA

Dated:   May 19, 2021

*Lauren McFerran*

Lauren McFerran, Chairman

**NOTICE TO WITNESS**. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 2(a)
1902

000839

**JX 17(c)**

JT17C                    XX
**EXHIBIT NO.**_____  **RECEIVED** _____  **REJECTED** _____

21-CA-252500, et al.        MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____

7              6/15/21              T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(a)
1903

# ATTACHMENT

## DEFINITIONS AND INSTRUCTIONS
## SUBPOENA # B-1-1CM5LWN

**a.** Document" means any existing printed, typewritten, or otherwise recorded material of whatever character, records stored on computer or electronically, records kept on microfiche or written by hand or produced by hand and graphic material, including without limitation, checks, cancelled checks, computer hard drives, discs, and/or files and all data contained therein, computer printouts, e-mail communications and records, any marginal or "post-it" or "sticky pad" comments appearing on or with documents, licenses, files, letters, facsimile transmissions, memoranda, telegrams, minutes, notes, contracts, agreements, transcripts, diaries, appointment books, reports, records, payroll records, books, lists, logs, worksheets, ledgers, summaries of records of telephone conversations, summaries of records of personal conversations, interviews, meetings, accountants' or bookkeepers' work papers, records of meetings or conference reports, drafts, work papers, calendars, interoffice communications, financial statements, inventories, news reports, periodicals, press releases, graphs, charts, advertisements, statements, affidavits, photographs, negatives, slides, disks, reels, microfilm, audio or video tapes, and any duplicate copies of any such material in the possession of, control of, or available to the subpoenaed party, or any agent, representative, or other person acting in cooperation with, in concert with, or on behalf of the subpoenaed party.

**b.** "Respondent" refers to Universal Truckload, Inc., its affiliated companies, its owners, officers, agents, and representatives.

**c.** "Fontana facility" refers to the located at 15033 Slover Ave., Fontana, CA.

**d.** "Union" refers to the International Brotherhood of Teamsters.

**e.** This subpoena request is continuing in character and if additional responsive documents come to your attention after the date of production, such documents must be promptly produced.

**f.** Any copies of documents that are different in any way from the original, such as by interlineation, receipt stamp, notation, or indication of copies sent or received, are considered original documents and must be produced separately from the originals.

**g.** Any copies of documents that are different in any way from the original, such as by interlineation, receipt stamp, notation, or indication of copies sent or received, are considered original documents and must be produced separately from the originals.

Exhibit 2(a)
1904

000840

**h.** If any document covered by this subpoena contains codes or classifications, all documents explaining or defining the codes or classifications used in the document must also be produced.

**i.** Electronically stored information should be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**j.** All documents produced pursuant to this subpoena should be presented as they are kept in the usual course of business or organized by the subpoena paragraph to which the document or set of documents is responsive.

**k.** This subpoena applies to documents in your possession, custody, or control.

**l.** If a claim of privilege is made as to any document which is the subject of this subpoena, a claim of privilege must be expressly made and you must describe the nature of the withheld document, communication, or tangible thing in a manner that, without revealing information itself privileged or protected, will enable an assessment of the claim to be made.

**m.** Unless otherwise stated, this subpoena does not supersede, revoke or cancel any other subpoena(s) previously issued in this proceeding.

**n.** All documents produced pursuant to this subpoena should be organized by the subpoena paragraph to which each document or set of documents is responsive.

Exhibit 2(a)
1905

000841

## DOCUMENTS TO BE PRODUCED

1) Documents showing the management structure of Respondent, including the names and job titles of officers, managers, and supervisors.

2) Documents showing the geographic operations of Respondent, including the addresses of all locations owned, controlled, maintained, operated by, or otherwise utilized by Respondent.

3) Documents, including, but not limited to, interline agreements and contracts, showing Respondent's legal and/or contractual relationship with its affiliated companies, including specifically its relationship with: Universal Logistics Holdings, Inc.; Universal Management Services; Mason-Dixon Intermodal d/b/a Universal Intermodal Services; Southern Counties Express, Inc.; Deco Logistics, Inc, d/b/a Container Connection; Roadrunner Intermodal Services; and other related companies, demonstrating:
   a) the business of each related company,
   b) Respondent's legal and/or contractual relationship between these related companies.

4) For the time period from January 1, 2019 to the current date, documents reflecting communications among representatives of Respondent regarding the relocation, termination of contract, or subcontracting of work formerly performed by employee drivers or owner-operators at the Fontana facility.

5) For the time period from January 1, 2019 to the current date, documents (including contracts and interline agreements) showing and listing former and current clients that were served by Respondent at Respondent's Fontana facility. For former clients, provide the name and address of the company now serving the former client(s) and date the company began serving the client(s).

6) For the time period from January 1, 2019 to the current date, documents reflecting communications between Respondent and client(s) regarding the relocation, termination of contract, or subcontracting of work formerly performed by employee drivers or owner-operators at the Fontana facility.

7) Documents reflecting communications among representatives of Respondent regarding its decision to lay-off employee drivers who worked at the Fontana facility in December 2019.

8) Documents explaining Respondent's reasons for laying-off employee drivers who worked at the Fontana facility in December 2019.

9) For the time period from June 1, 2019 to December 31, 2019, Documents relating to Respondent's decision to shift its operation at the Fontana facility from a mixed employee driver and owner operator model to an exclusively owner operator model.

10) Documents from November 1, 2019 to December 31, 2019 reflecting communications among representatives of Respondent regarding its decision to lay-off employee drivers who worked at the at the facility located at 11272 Calabash Ave., Fontana, CA 92337 in December 2019.

11) For the time period from October 1, 2019 to the current date, documents among Respondent's representatives about the Union's campaign to organize employee drivers at Mason-Dixon Intermodal d/b/a Universal Intermodal Services in Southern California.

Exhibit 2(a)
1906

12) For the period between January 1, 2019 until the current date, documents including, but not limited to job descriptions, job postings, and appraisals that show the job duties or authorities for the position(s) held by Joe Lugo, Michael Vagts, Dennis Glackin, Tony Miles, Tom Phillips, Don Taylor, Mike Erskine, and Chris Howder.

13) For the period between January 1, 2019 until the current date, documents that show all wages, benefits, and other compensation paid to Joe Lugo, Michael Vagts, Dennis Glackin, Tony Miles, Tom Phillips, Don Taylor, Mike Erskine, and Chris Howder.

14) For the period between January 1, 2019 until the current date, personnel and employment files (excluding medical records but including documents showing dates of employment, job titles, job duties, dates of job titles, rates of pay, corrective action or discipline, including employment contracts in effect for their tenure with Respondent, and  documents showing the reasons for corrective action or discipline) of Joe Lugo, Michael Vagts, Dennis Glackin, Tony Miles, Tom Phillips, Don Taylor, Mike Erskine, and Chris Howder.

15) For the period between January 1, 2019 until the current date, documents that indicate or reflect involvement or participation, including recommendations, by Joe Lugo, Michael Vagts, Dennis Glackin, Tony Miles, Tom Phillips, Don Taylor, Mike Erskine, and Chris Howder in the following actions concerning employees at Respondent's Fontana facility:

a)  hiring
b)  transferring
c)  suspending
d)  laying off
e)  recalling
f)  promoting
g)  discharging
h)  assigning work
i)  rewarding
j)  disciplining
k)  scheduling or granting time off
l)  assigning overtime
m) adjusting grievances
n)  directing work
o)  evaluating

In lieu of the records requested in the above paragraphs, provided notice is received no later than 4:45 p.m., June 2, 2021, Respondent may make said records electronically available to Counsel for the Acting General Counsel of the National Labor Relations Board for his inspection, copying and use no later than June 4, 2021; provided further, such records and documents requested above, will not be required to be produced at hearing in this matter if the Respondent and Counsel for the Acting General Counsel arrive at a stipulation with regard to the information contained therein and such stipulation is received in evidence by the Administrative Law Judge hearing this matter.

4

Exhibit 2(a)                                                                                                                    000843
1907

With regard to the documents subpoenaed, Counsel for the Acting General Counsel is willing to meet with the Respondent's designated or legal representatives virtually, at a mutually agreed-upon time and place, prior to the return date of the subpoena, for the purpose of examining  the documents subpoenaed, and/or to enter into stipulations concerning the contents of subpoenaed documents, for the purpose of reducing trial time and expense.

Exhibit 2(a)
1908

FORM NLRB-31

## SUBPOENA DUCES TECUM

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To      Custodian of the Records, Roadrunner Intermodal Services

4900 S Pennsylvania Avenue, Culdahy, WI 53110;
4640 Admiralty Way, 5th Floor, Marina del Rey, CA 90292

As requested by      Phuong Do, Field Attorney

whose address is      US Court House, Spring Street, 312 N Spring Street, 10th Floor, Los Angeles, CA 90012

(Street)                    (City)                    (State)          (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE      the Regional Director or his/her designee

of the National Labor Relations Board

at      US Court House, Spring Street, 312 N Spring Street, 10th Floor

in the City of      Los Angeles, CA

on      Tuesday, April 7, 2020                    at      2 pm                    or any adjourned

or rescheduled date to testify in      Roadrunner Intermodal Services, 21-CA-254813

(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

### SEE ATTACHMENT

If you do not intend to comply with the subpoena, within 5 days (excluding intermediate Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. Unless filed through the Board's E-Filing system, the petition to revoke must be received on or before the official closing time of the receiving office on the last day for filing. If filed through the Board's E-Filing system, it may be filed up to 11:59 pm in the local time zone of the receiving office on the last day for filing. Prior to a hearing, the petition to revoke should be filed with the Regional Director; during a hearing, it should be filed with the Hearing Officer or Administrative Law Judge conducting the hearing. See Board's Rules and Regulations, 29 C.F.R Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings) and 29 C.F.R Section 102.111(a)(1) and 102.111(b)(3) (time computation). Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

**B-1-18P6E39**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at  Los Angeles, CA

Dated:      March 24, 2020



John Ring, Chairman

**NOTICE TO WITNESS**. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 2(a)
1909

1

## JX 18(a)

000845

EXHIBIT NO. __JT18A_____ RECEIVED __XX_____ REJECTED _____

CASE NO __21-CA-252500, et al._____ CASE NAME __MASON-DIXON INTERMODAL_____

NO OF PAGES ___5_____ DATE: __6/15/21_____ REPORTER: __T. RAY_____

Exhibit 2(a)
1910

Roadrunner Intermodal Services
Case 21-CA-254813
Subpoena Duces Tecum B-1-18P6E39

## ATTACHMENT
## DEFINITIONS AND INSTRUCTIONS

**a.** "Document" means any existing printed, typewritten, or otherwise recorded material of whatever character, records stored on computer or electronically, records kept on microfiche or written by hand or produced by hand and graphic material, including without limitation, checks, cancelled checks, computer hard drives, discs, and/or files and all data contained therein, computer printouts, e-mail communications and records, any marginal or "post-it" or "sticky pad" comments appearing on or with documents, licenses, files, letters, facsimile transmissions, memoranda, telegrams, minutes, notes, contracts, agreements, transcripts, diaries, appointment books, reports, records, payroll records, books, lists, logs, worksheets, ledgers, summaries of records of telephone conversations, summaries of records of personal conversations, interviews, meetings, accountants' or bookkeepers' work papers, records of meetings or conference reports, drafts, work papers, calendars, interoffice communications, financial statements, inventories, news reports, periodicals, press releases, graphs, charts, advertisements, statements, affidavits, photographs, negatives, slides, disks, reels, microfilm, audio or video tapes, and any duplicate copies of any such material in the possession of, control of, or available to the subpoenaed party, or any agent, representative, or other person acting in cooperation with, in concert with, or on behalf of the subpoenaed party.

**b.** "Employer" refers to Roadrunner Intermodal Services, LLC, its affiliated companies, its owners, officers, agents, and representatives.

**c.** "Union" refers to the International Brotherhood of Teamsters.

**d.** This subpoena request is continuing in character and if additional responsive documents come to your attention after the date of production, such documents must be promptly produced.

**e.** Any copies of documents that are different in any way from the original, such as by interlineation, receipt stamp, notation, or indication of copies sent or received, are considered original documents and must be produced separately from the originals.

**f.** If any document covered by this subpoena contains codes or classifications, all documents explaining or defining the codes or classifications used in the document must also be produced.

**g.** Electronically stored information should be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**h.** All documents produced pursuant to this subpoena should be presented as they are kept in the usual course of business.

Exhibit 2(a)                                   2                                   000846
1911

Roadrunner Intermodal Services
Case 21-CA-254813
Subpoena Duces Tecum B-1-18P6E39

**i.** This subpoena applies to documents in your possession, custody, or control.

**j.** If a claim of privilege is made as to any document which is the subject of this subpoena, a claim of privilege must be expressly made and you must describe the nature of the withheld document, communication, or tangible thing in a manner that, without revealing information itself privileged or protected, will enable an assessment of the claim to be made.

**k.** Unless otherwise stated, this subpoena does not supersede, revoke or cancel any other subpoena(s) previously issued in this proceeding.

**l.** All documents produced pursuant to this subpoena should be organized by the subpoena paragraph to which each document or set of documents is responsive.

Exhibit 2(a)                                    3                                    000847
1912

Roadrunner Intermodal Services
Case 21-CA-254813
Subpoena Duces Tecum B-1-18P6E39

## DOCUMENTS TO BE PRODUCED

1) Documents showing the management structure of the Employer, including the names and job titles of officers, managers, and supervisors.

2) Documents showing the geographic operations of the Employer, including the addresses of all locations owned, controlled, maintained, operated by, or otherwise utilized by the Employer.

3) Documents showing the Employer's legal relationship with its affiliated companies, including specifically its relationship with: Universal Logistics Holdings, Inc.; Mason-Dixon Intermodal d/b/a Universal Intermodal Services; Southern Counties Express, Inc.; Deco Logistics, Inc, d/b/a Container Connection; Universal Truckload, Inc.; and any other related companies, demonstrating:
   a) the business of each related company,
   b) the Employer's legal relationship between these related companies.

4) For the time period from January 1, 2019 to the current date, documents reflecting any communications among representatives of the Employer regarding the relocation, termination of contract, or subcontracting of any work formerly performed by employee drivers or owner-operators at the Employer facility located at 11272 Calabash Ave., Fontana, CA 92337.

5) For the time period from January 1, 2019 to the current date, documents (including contracts) showing and listing former and current clients that were served by the Employer at the facility located at 11272 Calabash Ave., Fontana, CA 92337. For any former clients, provide the name and address of the company now serving the former client(s) and date the company began serving the client(s).

6) For the time period from January 1, 2019 to the current date, documents reflecting any communications between the Employer and client(s) regarding the relocation, termination of contract, or subcontracting of any work formerly performed by employee drivers who worked at the facility located at 11272 Calabash Ave., Fontana, CA 92337.

7) Documents reflecting communications among representatives of the Employer regarding its decision to lay-off employee drivers who worked at the at the facility located at 11272 Calabash Ave., Fontana, CA 92337 in December 2019.

8) Documents explaining the Employer's reasons for laying-off the employee drivers in December 2019 who worked at the at the facility located at 11272 Calabash Ave., Fontana, CA 92337 in December 2019.

Exhibit 2(a)
1913                                           4                                           000848



**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

1909 K Street NW, Suite 1000
Washington, DC 20006
Telephone:  202-887-0855
Facsimile:  202-887-0866
www.ogletree.com

John S. Ferrer
202-263-0173
john.ferrer@ogletree.com

June 17, 2020

**VIA NLRB E-FILING**

Phuong Do
Field Attorney
National Labor Relations Board, Region 21
312 N. Spring Street, 10th Floor
Los Angeles, CA 90012

   RE: **Roadrunner Intermodal Services,
      Case 21-CA-254813**

      **Response to Subpoena B-1-18P6E39**

Dear Mr. Do:

   This letter and enclosed documents will serve as the response of Roadrunner Intermodal Services ("Roadrunner" or the "Company") to the Region's investigative subpoena, Subpoena B-1-18P6E39 ("Subpoena"), issued in the above-referenced case.[1]

   Without waiving any objections to the Subpoena or defenses to the Charge, the Company responds as follows:

---

[1] All information in this letter, as well as any documents submitted to the Region, are being provided to the NLRB solely for purposes of cooperating with its investigation in this matter.  As such, Universal requests that the NLRB treat these documents as confidential and not disclose their content to anyone, including any other parties, any employees, the Union, or their attorneys, without the Company's express written permission, subject of course to the requirements of the Freedom of Information Act.  Further, inclusion of information in this letter does not constitute a waiver of any objection that the Company has to the Subpoena or may have in response to future discovery or information requests, or to the introduction of evidence in this or any subsequent proceeding; nor does it constitute a waiver of any objection as to timeliness of the Charges or any other legal argument the Company may assert in the future.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

Exhibit 2(a)
1914

**JX 18(b)**

000849

JT18B      XX

**EXHIBIT NO.**_____ **RECEIVED** _____ **REJECTED** _____

21-CA-252500, et al.   MASON-DIXON INTERMODAL

**CASE NO** _____ **CASE NAME** _____

4    6/15/21    T. RAY

**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(a)
1915

Phuong Do
June 17, 2020
Page 2

In response to Request 1, below are the names and job titles of the managers and supervisors for Roadrunner's operations at 11272 Calabash Avenue, Fontana, California in 2019:

- Xochitl Becerra – Terminal Manager
- Diego Ruvira – Fleet Manager
- John Valenciano – Fleet Manager
- Roger Ridgeway – Fleet Manager
- Christopher Valenciano – Fleet Manager
- Rolando Prado – Fleet Manager
- Felisha Gonzales – Manager, Operations
- Ivan Garcia – Manager, Operations.

Ken Motzenbecker, Vice-President, Operations West for Roadrunner; Tim Phillips, COO, Transportation for Universal Logistics Holdings, Inc.; and Don Taylor, Vice-President, Southern Operations for Universal Intermodal Services, Inc. also had oversight of Roadrunner's operations.

In response to Request 2, the Region is aware Roadrunner operated a terminal at 11272 Calabash Avenue, Fontana, California.[2]  The Company had no other operations in Southern California in 2019.

In response to Request 3, Roadrunner is a subsidiary of Universal Intermodal Services, Inc. The Region is already aware that the other four entities listed in the request are subsidiaries of Universal Logistics Holdings, Inc.

In response to Request 7, see Exhibit B of Roadrunner's February 20, 2020 position statement.  Also, see Attachment 1, which are copies of Separation Agreements signed by former Roadrunner employee-drivers in December 2019.

The Company is not aware of any documents responsive to Requests 4, 6 and 8.

The Company reserves the right to supplement or modify its responses at any time if it becomes necessary or appropriate to do so.[3]

For the reasons discussed in the Company's February 20, 2020 position statement, the Charge should be dismissed.

---

[2] In February 2020, the Company moved its operations to 15033 Slover Avenue, Fontana, California.

[3] The Company is in the process of reviewing the Region's proposed confidentiality agreement and will respond accordingly.

Exhibit 2(a)                                        2                                        000850
1916

000851

Exhibit 2(a)
1467

Phuong Do
June 17, 2020
Page 3

Sincerely,

John S. Ferrer

JSF:mlr

4289440.1

FORM NLRB-31

## SUBPOENA DUCES TECUM

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To  Custodian of the Records, Roadrunner Intermodal Services (HQ), 4900 S Pennsylvania Avenue, Culdahy, WI 53110

Custodian of the Records, Roadrunner Intermodal Services (CA Operations), 4640 Admiralty Way, 5th Floor, Marina del Rey, CA 90292

Custodian of Records, Roadrunner Intermodal Services, 1815 O Street, Wilmington, CA 90744

As requested by   Phuong Do and Molly Kagel, Counsel for the Acting General Counsel

whose address is   US Court House, Spring Street, 312 N Spring Street, 10th Floor, Los Angeles, CA 90012
                   (Street)                        (City)           (State)    (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE   an Administrative Law Judge
of the National Labor Relations Board

via   Videoconferencing - Zoom or other method as directed by the ALJ

in the City of

on   Monday, June 14, 2021   at   4:00 PM, PDT   or any adjourned

or rescheduled date to testify in   Mason-Dixon Intermodal d/b/a Universal Intermodal Services; Mason-Dixon Intermodal d/b/a Universal Intermodal Services and Southern Counties Express, Inc.; Roadrunner Intermodal Services, LLC; Universal Truckload, Inc.
(Case Name and Number)

21-CA-252500; 21-CA-252574; 21-CA-253662; 21-CA-254813; 21-CA-255151; 21-CA-259130; 21-CA-264164

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

### SEE ATTACHMENT

If you do not intend to comply with the subpoena, within 5 days (excluding intermediate Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. Unless filed through the Board's E-Filing system, the petition to revoke must be received on or before the official closing time of the receiving office on the last day for filing. If filed through the Board's E-Filing system, it may be filed up to 11:59 pm in the local time zone of the receiving office on the last day for filing. Prior to a hearing, the petition to revoke should be filed with the Regional Director; during a hearing, it should be filed with the Hearing Officer or Administrative Law Judge conducting the hearing. See Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings) and 29 C.F.R Section 102.111(a)(1) and 102.111(b)(3) (time computation). Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

**B-1-1CM5TGV**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   Los Angeles, CA

Dated:   May 19, 2021

*Lauren McFerran*
Lauren McFerran, Chairman

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 2(a)
1918

**JX 18(c)**

000852

JT18C                          XX
EXHIBIT NO._____  RECEIVED _____ REJECTED _____


    21-CA-252500, et al.          MASON-DIXON INTERMODAL
CASE NO _____ CASE NAME _____


        7              6/15/21          T. RAY
NO OF PAGES _____ DATE: _____ REPORTER: _____

Exhibit 2(a)
1919

# ATTACHMENT

## DEFINITIONS AND INSTRUCTIONS
## SUBPOENA # B-1-1CM5TGV

**a.** Document" means any existing printed, typewritten, or otherwise recorded material of whatever character, records stored on computer or electronically, records kept on microfiche or written by hand or produced by hand and graphic material, including without limitation, checks, cancelled checks, computer hard drives, discs, and/or files and all data contained therein, computer printouts, e-mail communications and records, any marginal or "post-it" or "sticky pad" comments appearing on or with documents, licenses, files, letters, facsimile transmissions, memoranda, telegrams, minutes, notes, contracts, agreements, transcripts, diaries, appointment books, reports, records, payroll records, books, lists, logs, worksheets, ledgers, summaries of records of telephone conversations, summaries of records of personal conversations, interviews, meetings, accountants' or bookkeepers' work papers, records of meetings or conference reports, drafts, work papers, calendars, interoffice communications, financial statements, inventories, news reports, periodicals, press releases, graphs, charts, advertisements, statements, affidavits, photographs, negatives, slides, disks, reels, microfilm, audio or video tapes, and any duplicate copies of any such material in the possession of, control of, or available to the subpoenaed party, or any agent, representative, or other person acting in cooperation with, in concert with, or on behalf of the subpoenaed party.

**b.** "Respondent" refers to Roadrunner Intermodal Services, LLC, its affiliated companies, its owners, officers, agents, and representatives.

**c.** "Union" refers to the International Brotherhood of Teamsters.

**d.** This subpoena request is continuing in character and if additional responsive documents come to your attention after the date of production, such documents must be promptly produced.

**e.** Any copies of documents that are different in any way from the original, such as by interlineation, receipt stamp, notation, or indication of copies sent or received, are considered original documents and must be produced separately from the originals.

**f.** Any copies of documents that are different in any way from the original, such as by interlineation, receipt stamp, notation, or indication of copies sent or received, are considered original documents and must be produced separately from the originals.

Exhibit 2(a)
1920

000853

**g.**  If any document covered by this subpoena contains codes or classifications, all documents explaining or defining the codes or classifications used in the document must also be produced.

**h.**  Electronically stored information should be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**i.**  All documents produced pursuant to this subpoena should be presented as they are kept in the usual course of business or organized by the subpoena paragraph to which the document or set of documents is responsive.

**j.**  This subpoena applies to documents in your possession, custody, or control.

**k.**  If a claim of privilege is made as to any document which is the subject of this subpoena, a claim of privilege must be expressly made and you must describe the nature of the withheld document, communication, or tangible thing in a manner that, without revealing information itself privileged or protected, will enable an assessment of the claim to be made.

**l.**  Unless otherwise stated, this subpoena does not supersede, revoke or cancel any other subpoena(s) previously issued in this proceeding.

**m.**  All documents produced pursuant to this subpoena should be organized by the subpoena paragraph to which each document or set of documents is responsive.

Exhibit 2(a)
1921

000854

## DOCUMENTS TO BE PRODUCED

1) Documents showing the management structure of Respondent, including the names and job titles of officers, managers, and supervisors.

2) Documents showing the geographic operations of Respondent, including the addresses of all locations owned, controlled, maintained, operated by, or otherwise utilized by Respondent.

3) Documents, including, but not limited to, interline agreements and contracts, showing Respondent's legal and/or contractual relationship with its affiliated companies, including specifically its relationship with: Universal Logistics Holdings, Inc.; Universal Management Services; Mason-Dixon Intermodal d/b/a Universal Intermodal Services; Southern Counties Express, Inc.; Deco Logistics, Inc, d/b/a Container Connection; Universal Truckload, Inc.; and other related companies, demonstrating:
   a) the business of each related company,
   b) Respondent's legal and/or contractual relationship between these related companies.

4) For the time period from January 1, 2019 to the current date, documents reflecting communications among representatives of Respondent regarding the relocation, termination of contract, or subcontracting of work formerly performed by employee drivers or owner-operators at Respondent facility located at 11272 Calabash Ave., Fontana, CA 92337.

5) For the time period from January 1, 2019 to the current date, documents (including contracts) showing and listing former and current clients that were served by Respondent at Respondent at the facility located at 11272 Calabash Ave., Fontana, CA 92337. For former clients, provide the name and address of the company now serving the former client(s) and date the company began serving the client(s).

6) For the time period from January 1, 2019 to the current date, documents reflecting communications between Respondent and client(s) regarding the relocation, termination of contract, or subcontracting of work formerly performed by employee drivers who worked at the facility located at 11272 Calabash Ave., Fontana, CA 92337.

7) Documents from November 1, 2019 to December 31, 2019 reflecting communications among representatives of Respondent regarding its decision to lay-off employee drivers who worked at the at the facility located at 11272 Calabash Ave., Fontana, CA 92337 in December 2019.

8) Documents explaining Respondent's reasons for laying-off employee drivers in December 2019 who worked at the at the facility located at 11272 Calabash Ave., Fontana, CA 92337 in December 2019.

9) For the time period from June 1, 2019 to December 31, 2019, Documents relating to Respondent's decision to shift its operation at the facility located at 11272 Calabash Ave., Fontana, CA 92337 from a mixed employee drivers and owner operator model to an exclusively owner operator model.

10) Documents reflecting communications between representatives of Respondent and the employee drivers who worked at the facility located at 11272 Calabash Ave., Fontana, CA 92337 regarding the decision to lay off employee drivers at the

3

Exhibit 2(a)
1922

000855

facility located at 11272 Calabash Ave., Fontana, CA 92337 from January 1, 2019, to December 31, 2019.

11) For the time period from October 1, 2019 to the current date, documents among Respondent's representatives about the Union's campaign to organize employee drivers at Mason-Dixon Intermodal d/b/a Universal Intermodal Services in Southern California.

12) For the period between January 1, 2019 until the current date, documents including, but not limited to job descriptions, job postings, and appraisals that show the job duties or authorities for the position(s) held by Joe Lugo, Michael Vagts, Dennis Glackin, Tony Miles, Tom Phillips, Don Taylor, Mike Erskine, and Chris Howder.

13) For the period between January 1, 2019 until the current date, documents that show all wages, benefits, and other compensation paid to Joe Lugo, Michael Vagts, Dennis Glackin, Tony Miles, Tom Phillips, Don Taylor, Mike Erskine, and Chris Howder.

14) For the period between January 1, 2019 until the current date, personnel and employment files (excluding medical records but including documents showing dates of employment, job titles, job duties, dates of job titles, rates of pay, corrective action or discipline, including employment contracts in effect for their tenure with Respondent, and  documents showing the reasons for corrective action or discipline) of Joe Lugo, Michael Vagts, Dennis Glackin, Tony Miles, Tom Phillips, Don Taylor, Mike Erskine, and Chris Howder.

15) For the period between January 1, 2019 until the current date, documents that indicate or reflect involvement or participation, including recommendations, by Joe Lugo, Michael Vagts, Dennis Glackin, Tony Miles, Tom Phillips, Don Taylor, Mike Erskine, and Chris Howder in the following actions concerning employees at Respondent's facility located at 11272 Calabash Ave., Fontana, CA 92337:

a) hiring
b) transferring
c) suspending
d) laying off
e) recalling
f) promoting
g) discharging
h) assigning work
i) rewarding
j) disciplining
k) scheduling or granting time off
l) assigning overtime
m) adjusting grievances
n) directing work
o) evaluating

In lieu of the records requested in the above paragraphs, provided notice is received no later than 4:45 p.m., June 2, 2021, Respondent may make said records electronically available to

Exhibit 2(a)
1923

Counsel for the Acting General Counsel of the National Labor Relations Board for his inspection, copying and use no later than June 4, 2021; provided further, such records and documents requested above, will not be required to be produced at hearing in this matter if the Respondent and Counsel for the Acting General Counsel arrive at a stipulation with regard to the information contained therein and such stipulation is received in evidence by the Administrative Law Judge hearing this matter.

With regard to the documents subpoenaed, Counsel for the Acting General Counsel is willing to meet with the Respondent's designated or legal representatives virtually, at a mutually agreed-upon time and place, prior to the return date of the subpoena, for the purpose of examining  the documents subpoenaed, and/or to enter into stipulations concerning the contents of subpoenaed documents, for the purpose of reducing trial time and expense.

Exhibit 2(a)
1924

# SEALED

21-CA-252500, et al.

JT19(a)     Pages: 1-6

**_Confidential_**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1925

# SEALED

21-CA-252500, et al.

JT19(b)     Pages: 1-7

**<u>Confidential</u>**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1926

# SEALED

21-CA-252500, et al.

JT19(c)     Pages: 1-2

**<u>Confidential</u>**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1927

# SEALED

21-CA-252500, et al.

JT19(d)     Pages: 1-7

## Confidential

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1928

# SEALED

21-CA-252500, et al.

JT19(e)     Pages: 1-2

**<u>Confidential</u>**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1929

# SEALED

21-CA-252500, et al.

JT19(f)     Pages: 1-19

## Confidential

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1930

# SEALED

21-CA-252500, et al.

JT19(g)     Pages: 1-2

## **Confidential**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1931

# SEALED

21-CA-252500, et al.

JT20(a)     Pages: 1-24

## Confidential

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1932

# SEALED

21-CA-252500, et al.

JT20(b)      Pages: 1-28

## Confidential

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1933

# SEALED

21-CA-252500, et al.

JT20(c)     Pages: 1-21

## **Confidential**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1934

# SEALED

21-CA-252500, et al.

JT21(a)     Pages: 1-9

## Confidential

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1935

# SEALED

21-CA-252500, et al.

JT21(b)     Pages: 1-26

**<u>Confidential</u>**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1936

# SEALED

21-CA-252500, et al.

JT21(c)     Pages: 1-22

## **Confidential**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1937

# SEALED

21-CA-252500, et al.

JT21(d)     Pages: 1-7

**<span style="color:red">Confidential</span>**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1938

# SEALED

21-CA-252500, et al.

JT21(e)     Pages: 1-32

**<u>Confidential</u>**

Exhibit is admitted and sealed under
verbal protective agreement.

Exhibit 2(a)
1939

# EXHIBIT 2(B)

Exhibit 2(b)
1940

OFFICIAL REPORT OF PROCEEDINGS

BEFORE THE

NATIONAL LABOR RELATIONS BOARD

REGION 21

In the Matter of:

| | |
|---|---|
| MASON-DIXON INTERMODAL D/B/A UNIVERSAL INTERMODAL SERVICES, Respondent, | Case Nos.   21-CA-252500 21-CA-252574 21-CA-264164 |
| and | 21-CA-253662 21-CA-259130 |
| MASON-DIXON INTERMODAL D/B/A UNIVERSAL INTERMODAL SERVICES AND SOUTHERN COUNTIES EXPRESS, INC., Respondent, | 21-CA-254813 21-CA-255151 |

and

ROADRUNNER INTERMODAL
SERVICES, LLC,
                    Respondent,

and

UNIVERSAL TRUCKLOAD, INC.,
                    Respondent,

and

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,
          Charging Party.

_____

_____

SEALED JOINT EXHIBITS

Place: Los Angeles, California (via Zoom Videoconference)

Dates: June 22, 2021

OFFICIAL REPORTERS
eScribers, LLC
E-Reporting and E-Transcription
7227 North 16th Street, Suite 207
Phoenix, AZ 85020
(602) 263-0885



Exhibit 2(b)
1941



**JX 19(a)**

Exhibit 2(b)
1942

000858

JT19(a)                            XX
EXHIBIT NO._____   RECEIVED _____   REJECTED _____

21-CA-252500, et al.          MASON-DIXON INTERMODAL
CASE NO _____ CASE NAME _____

6              6/15/21              T. RAY
NO OF PAGES _____ DATE: _____ REPORTER: _____

Exhibit 2(b)
1943



Exhibit 2(b)
1944

2

000859



Exhibit 2(b)
1945

3

000860



Exhibit 2(b)
1946

4

000861



Exhibit 2(b)
1947

5

000862



**JX 19(b)**

Exhibit 2(b)
1948

JT19(b)                          XX
**EXHIBIT NO.**_____  **RECEIVED** _____ **REJECTED** _____


        21-CA-252500, et al.           MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____


        7              6/15/21            T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(b)
1949



Exhibit 2(b)
1950

2

000864



Exhibit 2(b)
1951

3

000865



Exhibit 2(b)
1952



Exhibit 2(b)
1953

5

000867



Exhibit 2(b)
1954

6



**JX 19(c)**

Exhibit 2(b)
1955

JT19(c)                              XX
**EXHIBIT NO.**_____ **RECEIVED** _____ **REJECTED** _____

   21-CA-252500, et al.        MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____

        2              6/15/21          T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(b)
1956



Exhibit 2(b)
1957

1

000870

**JX 19(d)**

JT19(d)                                    XX
EXHIBIT NO._____   RECEIVED _____ REJECTED _____

        21-CA-252500, et al.              MASON-DIXON INTERMODAL
CASE NO _____ CASE NAME _____

            7              6/15/21              T. RAY
NO OF PAGES _____ DATE: _____ REPORTER: _____

Exhibit 2(b)
1958



Exhibit 2(b)
1959

2

000871



Exhibit 2(b)
1960

3

000872



Exhibit 2(b)
1961

4

000873



Exhibit 2(b)
1962

5

000874



Exhibit 2(b)
1963

6

000875



**JX 19(e)**

Exhibit 2(b)
1964

000876

JT19(e)                          XX
**EXHIBIT NO.**_____ **RECEIVED** _____ **REJECTED** _____


       21-CA-252500, et al.          MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____


           2            6/15/21          T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(b)
1965



**JX 19(f)**

Exhibit 2(b)
1966

000877

EXHIBIT NO. JT19(f)_____ RECEIVED ___XX___ REJECTED _____

CASE NO 21-CA-252500, et al._____ CASE NAME MASON-DIXON INTERMODAL_____

NO OF PAGES ___19___ DATE: ___6/15/21___ REPORTER: ___T. RAY_____

Exhibit 2(b)
1967



Exhibit 2(b)
1968

2

000878



Exhibit 2(b)
1969
3
000879



Exhibit 2(b)
1970

4

000880



Exhibit 2(b)
1971

5

000881



CH

Exhibit 2(b)
1972

6

000882



Exhibit 2(b)
1973

7

000883



Exhibit 2(b)
1974

8

000884



Exhibit 2(b)
1975

9

000885



Exhibit 2(b)                                   10                                   000886
1976



Exhibit 2(b)
1977

11

000887



Exhibit 2(b)
1978

12

000888



Exhibit 2(b)
1979

13

000889



Exhibit 2(b)
1980

14

000890



Exhibit 2(b)
1981
15
000891



Exhibit 2(b)                                    16                                    000892
1982



Exhibit 2(b)                    17                    000893
1983



Exhibit 2(b)
1984



**JX 19(g)**

Exhibit 2(b)
1985

JT19(g)                              XX
EXHIBIT NO._____   RECEIVED _____ REJECTED _____

       21-CA-252500, et al.          MASON-DIXON INTERMODAL
CASE NO _____ CASE NAME _____

       2                6/15/21            T. RAY
NO OF PAGES _____ DATE: _____ REPORTER: _____

Exhibit 2(b)
1986

JT20(a)                          XX
**EXHIBIT NO.**_____ **RECEIVED** _____ **REJECTED** _____

21-CA-252500, et al.          MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____

24              6/15/21          T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(b)
1988

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

Exhibit 2(b)
2006

000914

# Redacted

Exhibit 2(b)
2007

000915

# Redacted

Exhibit 2(b)
2008

Exhibit 2(b)
2009

000917

Exhibit 2(b)
2010

000918

2011

JT20(b)                          XX
**EXHIBIT NO.**_____ **RECEIVED** _____ **REJECTED** _____


21-CA-252500, et al.          MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____


28              6/15/21            T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(b)
2012

Redacted

2013

Exhibit 2(b)
2014

000921

Exhibit 2(b)
2015

000922

Redacted

Exhibit 2(b)
2016

Exhibit 2(b)
2017

000925

# Redacted

Exhibit 2(b)
2019

000926

Redacted

000927

000928

Exhibit 2(b)
2023

000930

# Redacted

Exhibit 2(b)
2024

000931

Redacted

Exhibit 2(b)
2025

000932

# Redacted

000933

# Redacted

Exhibit 2(b)
2027

000934

Exhibit 2(b)
2028

000935

Exhibit 2(b)
2029

000936

Exhibit 2(b)
2030

000937

# Redacted

Exhibit 2(b)
2032

000939

Redacted

Exhibit 2(b)
2033

000940

000941

000943

Redacted

Redacted

000945

# Redacted

Exhibit 2(b)
2039

000946

JT20(c)                                    XX
**EXHIBIT NO.**_____   **RECEIVED**_____   **REJECTED**_____


      21-CA-252500, et al.              MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____


        21              6/15/21              T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(b)
2040



Exhibit 2(b)
2041

000947

Exhibit 2(b)
2042

000948

Redacted

Exhibit 2(b)
2043

000949

Exhibit 2(b)
2044

000950

Exhibit 2(b)
2045

000951

Redacted

Exhibit 2(b)
2046

# Redacted

Exhibit 2(b)
2047

000953

# Redacted

Exhibit 2(b)
2048

000954

Exhibit 2(b)
2049

000955

Exhibit 2(b)
2050

000956

Exhibit 2(b)
2051

000957

Redacted

Exhibit 2(b)
2052

000958

Exhibit 2(b)
2053

000959

Exhibit 2(b)
2054

000960

Exhibit 2(b)
2055

000961

Exhibit 2(b)
2056

000962

Exhibit 2(b)
2057

000963

Exhibit 2(b)
2058

000964

Exhibit 2(b)
2059

000965

Redacted

Exhibit 2(b)
2060

JT21(a)                           XX
EXHIBIT NO._____ RECEIVED _____ REJECTED _____


      21-CA-252500, et al.          MASON-DIXON INTERMODAL
CASE NO _____ CASE NAME _____


        9               6/15/21            T. RAY
NO OF PAGES _____ DATE: _____ REPORTER: _____

Exhibit 2(b)
2061

Redacted

Redacted

Exhibit 2(b)
2064

000969

Redacted

Exhibit 2(b)
2065

000970

Exhibit 2(b)
2069

000974

JT21(b)                          XX
**EXHIBIT NO.**_____  **RECEIVED** _____  **REJECTED** _____


21-CA-252500, et al.        MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____


26            6/15/21            T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(b)
2070

Redacted

Exhibit 2(b)
2071

000975

Exhibit 2(b)
2072

000976

Redacted

Exhibit 2(b)
2073

000977

Exhibit 2(b)
2074

000978

Exhibit 2(b)
2075

000979

Exhibit 2(b)
2076

000980

Redacted

Exhibit 2(b)
2077

# Redacted

Exhibit 2(b)
2078

000982

Redacted

Exhibit 2(b)
2079

000983

Redacted

Exhibit 2(b)
2080

000984

Redacted

Exhibit 2(b)
2081

000985

Exhibit 2(b)
2082

000986

Exhibit 2(b)
2083

000987

Redacted

Exhibit 2(b)
2084

000998

Exhibit 2(b)
2085

000989

# Redacted

Exhibit 2(b)
2086

000990

# Redacted

Exhibit 2(b)
2087

000991

# Redacted

Exhibit 2(b)
2088

Exhibit 2(b)
2089

000993

Exhibit 2(b)
2090

000994

Exhibit 2(b)
2091

000995

Redacted

Exhibit 2(b)
2092

000996

Redacted

Exhibit 2(b)
2093

000997

Exhibit 2(b)
2094

000999

```
              JT21(c)                   XX
EXHIBIT NO._____ RECEIVED _____ REJECTED _____


       21-CA-252500, et al.        MASON-DIXON INTERMODAL
CASE NO _____ CASE NAME _____


            22           6/15/21         T. RAY
NO OF PAGES _____ DATE: _____ REPORTER: _____
```

Exhibit 2(b)
2096

Redacted

001001

001002

Redacted

001003



Exhibit 2(b)
2102

7

001005

001006

Redacted

001007

Redacted

Redacted

001011

Redacted

Redacted

JT21(d)                              XX
EXHIBIT NO._____  RECEIVED _____ REJECTED _____

        21-CA-252500, et al.          MASON-DIXON INTERMODAL
CASE NO _____ CASE NAME _____

          7              6/15/21            T. RAY
NO OF PAGES _____ DATE: _____ REPORTER: _____

Exhibit 2(b)
2118

Redacted

001022

Redacted

001023

Exhibit 2(b)
2124

JT21(e)                        XX
**EXHIBIT NO.**_____ **RECEIVED** _____ **REJECTED** _____

21-CA-252500, et al.        MASON-DIXON INTERMODAL
**CASE NO** _____ **CASE NAME** _____

32              6/15/21            T. RAY
**NO OF PAGES** _____ **DATE:** _____ **REPORTER:** _____

Exhibit 2(b)
2125



Exhibit 2(b)
2126

001027



Exhibit 2(b)
2127



Exhibit 2(b)
2128



Exhibit 2(b)
2129

001030



Exhibit 2(b)
2130

001031



Exhibit 2(b)
2131

001032



Exhibit 2(b)
2132



Exhibit 2(b)
2133

001034





Exhibit 2(b)
2134

001035



Exhibit 2(b)
2135

001036



Exhibit 2(b)
2136



Exhibit 2(b)
2137

001038



Exhibit 2(b)
2138



Exhibit 2(b)
2139

001040



Exhibit 2(b)
2140

# Redacted



Exhibit 2(b)
2141

001042



Exhibit 2(b)
2142



Exhibit 2(b)
2143



Exhibit 2(b)
2144

001045

Exhibit 2(b)
2145

001046

Redacted

Exhibit 2(b)
2146

001047



Exhibit 2(b)
2147

Exhibit 2(b)
2148

001049

Exhibit 2(b)
2149

001050

Exhibit 2(b)
2150

001051



Exhibit 2(b)
2151

001052

Exhibit 2(b)
2152

001053

Case 2:21-cv-05683 Document 2-5 Filed 07/16/21 Page 252 of 254 Page ID #: 2155

Exhibit 2(b)
2153

001054



Exhibit 2(b)
2154

001055

Redacted

Exhibit 2(b)
2155